IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelin North America, Inc., and ) | | |
| Michelin Retread Technologies, Inc., ) | | |
| ) | | |
| Plaintiffs, ) | C.A. No. 6:13-1067-HMH | |
| ) | | |
| vs. ) | **OPINION & ORDER** | |
| ) | | |
| Inter-City Tire and Auto Center, Inc., and ) | | |
| Inter-City Retread, Inc., ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the court on a motion by Plaintiff Michelin North America, Inc., ("MNA") to dismiss Defendant Inter-City Tire and Auto Center, Inc.'s ("ICT") counterclaims. After review, the court grants MNA's motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant litigation arises from a series of commercial dealer agreements and Michelin Americas Small Tires ("MAST") retail agreements between MNA and ICT. (Answer & Countercl. 22-27, ECF No. 24.) The factual allegations of the case have been thoroughly outlined in two previous orders, and the court will not restate all the allegations here. See (Aug. 20, 2013 Order, ECF No. 75); (June 24, 2013 Order, ECF No. 53.). On April 19, 2009, MNA filed a complaint in this court asserting a breach of contract claim against ICT and seeking declaratory relief. (Compl. ¶¶ 25-40, ECF No. 1.) On April 30, 2013, MNA and Michelin Retread Technologies, Inc. (collectively "Michelin") filed an amended complaint in this court

---

[1]Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. A hearing is unnecessary because the issues presented have been adequately briefed by the parties.

1

raising additional declaratory judgment and breach of contract claims against ICT and Inter-City Retread, Inc. (collectively "Inter-City"). (Am. Compl., generally, ECF No. 6.) On May 20, 2013, Inter-City filed its answer in this court to Michelin's amended complaint, and ICT asserted counterclaims against MNA. (Answer & Countercl., generally, ECF No. 24.) ICT alleged a declaratory judgment counterclaim seeking a declaration that MNA violated the New Jersey Franchise Practices Act ("NJFPA") in terminating its agreements because ICT is a franchisee of MNA under the NJFPA. (Id. at 27-29, ECF No. 24.) Further, ICT alleged a claim for preliminary and permanent injunctive relief as provided for in the NJFPA. (Id. at 29-30, ECF No. 24.) On June 24, 2013, the court denied Inter-City's motion for a preliminary injunction. (June 24, 2013 Order, ECF No. 53.) On June 27, 2013, MNA moved to dismiss ICT's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ICT filed its response on July 22, 2013, and MNA submitted its reply on August 1, 2013. This matter is now ripe for review.

## II. Discussion of the Law

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

2

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity." Parham v. Pepsico, Inc., 927 F. Supp. 177, 178 (E.D.N.C. 1995) (citing Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157 (Fed. Cir. 1993)), aff'd, 86 F.3d 1151 (4th Cir. 1996).

MNA moves to dismiss ICT's counterclaims on the grounds that South Carolina law applies to the agreements at issue, and as a result, ICT's counterclaims, which are based on the application of New Jersey law, fail to state a claim upon which relief can be granted. (Pls. Mot. Dismiss Countercl. ¶¶ 5-7, ECF No. 56.) ICT opposes the motion, arguing that the court's June 24, 2013 order finding that the South Carolina choice-of-law provisions in the agreements are enforceable does not constitute the law of the case. (Defs. Opp. Mot. Dismiss 4-5, ECF No. 62.) To the extent that the court's June 24, 2013 order finding that South Carolina law applies is not the law of the case, for the same reasons stated in that order, the court finds that South Carolina law applies and incorporates the pertinent portions of the order herein by reference. See (June 24, 2013 Order 6-10, ECF No. 53.).

ICT also argues that its counterclaims should not be dismissed because its counterclaims sound in tort, not contract, and therefore under South Carolina choice of law rules, New Jersey law would govern as the location where the tort occurred. (Defs. Opp. Mot. Dismiss 6, ECF No. 62.) ICT claims that "the liability alleged against Michelin by [ICT] is predicated upon actions

separate and distinct from the dealer agreements." (Id. at 6-7, ECF No. 62.) In support of its argument, ICT cites Glaesner v. Beck/Arnely Corp., 790 F.2d 384, 385 n.1 (4th Cir. 1986). In Glaesner, the Fourth Circuit declined to apply a choice-of-law provision in a distributorship agreement, instead applying South Carolina law because the plaintiff "alleged that [the defendant was] liable in tort, rather than in contract." Id. The court explained specifically that "'[n]o issue of contractual construction, interpretation, or enforceability is raised by this case. The liability alleged is predicated, rather, upon actions separate and distinct from the [contract] itself.'" Id. (quoting ITCO v. Michelin Tire Corp., 722 F.2d 42, 50 n.11 (4th Cir. 1983)). Thus, ICT characterizes its allegation that MNA terminated the dealer agreements and MAST agreement without good cause in violation of the NJFPA as a wrongful termination claim that sounds in tort. (Defs. Opp. Mot. Dismiss 6-7, ECF No. 62.)

The court disagrees. In the present case, ICT has alleged claims that are predicated upon the validity and enforceability of contract termination provisions in the agreements themselves, not upon actions separate and distinct from those agreements. ICT's counterclaims seek a declaration that the provisions of the dealer agreements and the MAST agreement affording MNA the right to terminate those agreements "are invalid and unenforceable." (Answer & Countercl. 29, ECF No. 24.) Thus, the counterclaims are predicated on issues of contractual construction, interpretation, and enforceability, and ICT's claims sound in contract, not tort. As a result, South Carolina law applies.

ICT's counterclaims for declaratory and injunctive relief are premised on the NJFPA. Because the court finds that South Carolina law applies, ICT's counterclaims do not state a claim upon which relief can be granted. See PCJ Franchising Co., LLC v. Newsome, 7:08-CV-

4

41-BO, 2008 WL 4772191, at *2 (E.D.N.C. Oct. 28, 2008) (unpublished). Based on the foregoing, the court grants MNA's motion and dismisses ICT's counterclaims.

It is therefore

**ORDERED** that MNA's motion to dismiss ICT's counterclaims, docket number 56, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
August 26, 2013