IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Michelin North America, Inc., and            )
Michelin Retread Technologies, Inc.,         )
                                             )   C.A. No. 6:13-1067-HMH
                    Plaintiffs,              )
                                             )
        vs.                                  )   **OPINION & ORDER**
                                             )
Inter City Tire and Auto Center, Inc., and   )
Inter City Retread, Inc.,                    )
                                             )
                    Defendants.              )

This matter is before the court on Defendants' Inter City Tire and Auto Center, Inc., and Inter City Retread, Inc. (collectively "Inter City") motion to dismiss Plaintiffs' Michelin North America, Inc. ("MNA") and Michelin Retread Technologies, Inc. ("MRT") (collectively "Michelin") second amended complaint. After review, the court denies Inter City's motion.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The instant litigation arises out of a variety of commercial dealer agreements and Michelin Americas Small Tire ("MAST") retail agreements between Michelin North America, Inc. and Inter City Tire and Auto Center, Inc. ("ICT"), and Michelin Retread Franchise Agreements between Michelin Retread Technologies, Inc. and Inter City Retread, Inc.[2] The

---

[1]Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. A hearing is unnecessary because the issues presented have been adequately briefed by the parties.

[2]There are four operating agreements at issue in the instant litigation: (1) 2009 MNA Authorized Commercial Customer Agreement ("2009 CCA"); (2) 2010 MNA Authorized Commercial Customer Agreement ("2010 CCA"); (3) 2013 MAST Retail Agreement ("2013 MAST Agreement"; and (4) 2005 Michelin Retread Franchise Agreement ("2005 RFA").

1

factual allegations of the case have been thoroughly outlined in two previous orders, and the court will not restate all the allegations here. See (Aug. 20, 2013 Order, ECF No. 75); (June 24, 2013 Order, ECF No. 53). On April 19, 2013, MNA filed a complaint asserting a breach of contract claim against ICT and seeking declaratory relief. (Compl., generally, ECF No. 1.) On April 30, 2013, MNA and MRT filed its first amended complaint raising additional declaratory judgment and breach of contract claims against ICT and IRT. (First Am. Compl., generally, ECF No. 6.) On May 20, 2013, Inter City filed its answer to Michelin's amended complaint. (Answer, generally, ECF No. 24.) On July 12, 2013, Michelin moved for leave to amend its complaint, (Mot. Amend Compl., ECF No. 60), and the court granted the motion on August 20, 2013. (Aug. 20, 2013 Text Order, ECF No. 74.) On September 10, 2013, Inter City moved to dismiss Michelin's first amended complaint. (Defs. Mot. Dismiss, ECF No. 81.) On September 20, 2013, Michelin moved for clarification of the court's August 20, 2013 Order. (Pl. Mot. Clarification, ECF No. 88.) The court terminated the motion on September 23, 2013, informing Michelin that it had already granted Michelin leave to file a second amended complaint and instructing Michelin to file its complaint with the court within seven days. (Sept. 23, 2013 Text Order, ECF No. 89.) The same day, Michelin filed its second amended complaint. (Second Am. Compl., ECF No. 90.) Michelin filed its response to Inter City's motion to dismiss its first amended complaint on September 26, 2013. (Pls. Resp. Defs. Mot. Dismiss, ECF No. 91.) Inter City submitted its reply on October 2, 2013. (Defs. Reply Supp. Mot. Dismiss, ECF No. 95.) The same day, Inter City moved to dismiss Michelin's second

---

(First Am. Compl. Ex. 1 (2009 CCA), ECF No. 6-1); (First Am. Compl. Ex. 2 (2010 CCA), ECF No. 6-2); (First Am. Compl. Ex. 3 (2013 MAST Agreement), ECF No. 6-3); (First Am. Compl. Ex. 4 (2005 RFA), ECF No. 6-4.)

amended complaint. (Defs. Mot. Dismiss Second Am. Compl., ECF No. 96.) Michelin filed its response on October 21, 2013, and Inter City submitted its reply on October 31, 2013. (Pls. Resp. Opp'n Mot. Dismiss Second Am. Compl., ECF No. 103); (Defs. Reply Supp. Mot. Dismiss Second Am. Compl., ECF No. 106.) This matter is now ripe for review.

## II. Discussion of the Law

Inter City moves to dismiss Michelin's first and second amended complaints pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.[3] Inter City argues that Count I of the second amended complaint fails to state a claim upon which relief can be granted and that when Count I is dismissed, the court will lack supplemental jurisdiction over the remaining state law claims. (Defs. Mem. Supp. Mot. Dismiss Second Am. Compl. 3, 15-16, ECF No. 96-1.)

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain

---

[3]Michelin argues that filing its second amended complaint rendered Inter City's motion to dismiss the first amended complaint moot. (Pls. Opp'n Mot. Dismiss First Am. Compl. 2, ECF No. 91.) Inter City correctly points out that filing a second amended complaint does not necessarily render the motion to dismiss the first amended complaint moot. See Monster Daddy LLC v. Monster Cable Prods., Inc., C.A. No. 6:10-1170-HMH, 2010 WL 4853661, at *2-3 (D.S.C. Nov. 23, 2010). However, whether or not the motion to dismiss the first amended complaint is moot does not impact the court's analysis as the merits underlying Inter City's motions to dismiss are identical.

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing the dismissal of a complaint under Rule 12(b)(6), [the court] may properly take judicial notice of matters of public record." Sec'y of State for Defence v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); Armbruster Prods., Inc. v. Wilson, Nos. 93-2427, 93-2428, 93-2429, 1994 WL 489983, at *2 (4th Cir. Sept. 12, 1994) (unpublished) (noting that other court pleadings are matters of public record).

Count I of Michelin's second amended complaint seeks a declaratory judgment that Michelin "is not liable to [Inter City] for violations of the federal civil RICO statute, 18 U.S.C. § 1961, *et seq.*, the Sherman Anti-Trust Act, 15 U.S.C. § 1, and/or the Robinson-Patman Act, 15 U.S.C. § 13 . . . ." (Second Am. Compl. ¶ 58, ECF No. 90.) The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such further relief is or could be sought." 28 U.S.C. § 2201. "Courts have long interpreted the Act's permissive language 'to provide discretionary authority to district courts to hear declaratory judgment cases.'" Auto Owners Ins. Co. v. Personal Touch Med. Spa, LLC, 763 F. Supp. 2d 769, 774 (D.S.C. 2011) (quoting United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492 (4th Cir. 1998)). "A federal court has the discretion to decline to entertain a declaratory judgment action, but, under the law

4

of [the Fourth] Circuit, the court must do so only for 'good reason.'" Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937)).  Further, "the remedial discretion conferred by the Declaratory Judgment Act must be 'liberally exercised to effectuate the purposes of the statute.'" Id. Therefore, "a district court should normally entertain a declaratory judgment action when it finds the declaratory relief sought: (1) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (2) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998) (quoting Quarles, 92 F.2d at 325).

Inter City first argues that Michelin's declaratory judgment claim should be dismissed because a declaratory judgment is an inappropriate mechanism by which to adjudicate claims based solely on past conduct. (Defs. Mem. Supp. Mot. Dismiss Second Am. Compl. 9-13, ECF No. 96-1); (Defs. Mem. Supp. Mot. Dismiss First Am. Compl. 8-12, ECF No. 81-1.)  Michelin argues that Inter City's own allegations in parallel litigation show that the declaratory judgment claim is not based solely on past conduct. (Pls. Opp'n Mot. Dismiss Second Am. Compl. 9, ECF No. 103.)  The court agrees.  In its second amended complaint, Michelin "request[s] a declaration from this [c]ourt that [Michelin] is not liable to [Inter City] for any purported violations of the federal civil RICO statute, 18 U.S.C. § 1961, *et seq.*, the Sherman Anti-Trust Act, 15 U.S.C. § 1, and/or the Robinson-Patman Act, 15 U.S.C. § 13 . . . ." (Pls. Second Am. Compl. ¶ 58, ECF No. 90.)  Inter City alleges in parallel litigation that Michelin violated the federal civil RICO statute in part because "[t]he acts of racketeering activity extended over a substantial period of time . . . and continue to this day." (Inter City Tire and Auto Center, Inc. v.

5

Michelin North America, Inc., No. 6:13-cv-2752-HMH (Am. Compl. ¶ 187, ECF No. 7.)) Inter City also alleges that Michelin has violated the Robinson-Patman Act because it "has discriminated, and continues to discriminate, against Inter City . . . ."  (Id. (Am. Compl. ¶ 201, ECF No. 7).)  Michelin's claim for a declaratory judgment does not solely address past conduct. Further, all of the cases cited by Inter City discuss the impropriety of using declaratory judgments to declare non-liability in tort actions.  None of the cases cited by Inter City state that the court cannot declare non-liability for alleged RICO or antitrust violations.  Moreover, several courts have recognized that declaratory judgments may be used for declarations of non-liability in RICO and antitrust claims.  See, e.g., Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501-04 (1959) (discussing the availability of a jury trial in a declaratory judgment for alleged antitrust violations); Wooley v. Johnson, No. 00-50777, 2001 WL 422963, at *1 (5th Cir. Apr. 6, 2001) (unpublished) (finding a declaration of non-liability for civil RICO violations established an actual controversy for purposes of 28 U.S.C. § 2201); Ferrari North Am., Inc. v. St. Louis Motorsports, LLC, Civil Action No. 11-4487 (KSH)(PS), 2012 WL 609381, at *6-7 (D.N.J. Feb. 24, 2012) (unpublished) (finding that a declaration of non-liability under the civil RICO statute presented a justiciable case or controversy); Intralox, L.L.C. v. Habasit Belting, Inc., No. Civ.A. 04-840, 2004 WL 1497713, at *4 (E.D. La. Jul. 2, 2004) (noting that "a declaratory judgment action may be used to adjudicate rights in face of a threatened antitrust action").  As a result, the court finds that a declaratory judgment would "'serve a useful purpose in clarifying and settling the legal relations in issue'" and "'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"  Ind-Com Elec. Co., 139 F.3d at 422 (quoting Quarles, 92 F.2d at 325).

Inter City further argues that Michelin's declaratory judgment claim should be dismissed because of "the unnatural order it would impose" on the burden of proof and the presentation of evidence at trial. (Defs. Mot. Dismiss Second Am. Compl. 12, ECF No. 96-1.) The court has the power to "determine generally the order in which parties will adduce proof." Geders v. United States, 425 U.S. 80, 86 (1976); see also Pitasi v. Stratton Corp., 968 F.2d 1558, 1561 (2d Cir. 1992) ("It is well-settled that a trial court's determination concerning the order of proof and the scope of rebuttal testimony will not be disturbed absent an abuse of discretion."). Thus, any concern about the order of proof can be determined in the event of a trial.

Inter City also argues that Michelin's declaratory judgment claim should be dismissed because the claim entails a myriad of factual questions and the Declaratory Judgment Act is an inappropriate mechanism to adjudicate claims that involve "disputed issues of fact that are determinative of issues." (Defs. Mem. Supp. Mot. Dismiss Second Am. Compl. 12, ECF No. 96-1.) It is well-settled that declaratory judgments can be used to settle questions of fact. See, e.g., Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 246 (1952) ("Of course, the [declaratory judgment] remedy is not to be withheld because it necessitates weighing conflicting evidence of deciding issues of fact as well as law."); Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 242 (1937) ("That the dispute turns upon question of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance [under the Declaratory Judgment Act]."). As a result, the presence of any question of fact does not provide grounds for dismissal of Michelin's declaratory judgment claim.

Finally, Inter City argues that Michelin's declaratory judgment claim should be dismissed because it was filed as part of Michelin's improper race to the courthouse. (Defs.

Mem. Supp. Mot. Dismiss Second Am. Compl. 14-15, ECF No. 96-1.)  Michelin argues that the court has found that the declaratory judgment claim was not a race to the courthouse, and as a result, that finding is the law of the case. (Pls. Opp'n Mot. Dismiss Second Am. Compl. 8, 14-15, ECF No. 103.)  To the extent that the court's August 20, 2013 Order finding that Michelin did not engage in an improper race to the courthouse is not the law of the case, for the same reasons stated in that order, the court finds that Michelin did not engage in an improper race to the courthouse and incorporates the pertinent portions of that order herein by reference.

Based on the foregoing, Inter City's motion to dismiss Count I of Michelin's second amended complaint is denied.[4]  Inter City's only basis for dismissal of the remaining claims of the second amended complaint under Rule 12(b)(1) is that the court would lack subject matter jurisdiction over the remaining state law claims upon dismissal of Count I.  (Defs. Mem. Supp. Mot. Dismiss Second Am. Compl. 15-16, ECF No. 96-1.)  Because the motion to dismiss Count I is denied, the court retains jurisdiction over the remaining state law claims, and Inter City's motion to dismiss Michelin's remaining claims is denied.

---

[4]Michelin also argues that Inter City is barred from asking the court to exercise its discretion in dismissing the declaratory judgment action under the doctrine of judicial estoppel. (Pls. Opp'n Mot. Dismiss Second Am. Compl. 5-7, ECF No. 103.)  The court does not need to reach whether Inter City is estopped from asking the court to dismiss the declaratory judgment action having denied Inter City's motion to dismiss on the merits.

8

It is therefore

**ORDERED** that Inter City's motions to dismiss, docket numbers 81 and 96, are denied.

**IT IS SO ORDERED**.

                                                                   s/Henry M. Herlong, Jr.
                                                                   Senior United States District Judge

Greenville, South Carolina
November 6, 2013