IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelin North America, Inc., | ) | |
| and Michelin Retread Technologies, Inc., | ) | |
| | ) | C.A. No. 6:13-1067-HMH |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Inter City Tire and Auto Center, Inc., | ) | |
| and Inter City Retread, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a motion for certification of an interlocutory appeal of the court's August 20, 2013 order denying a motion to transfer venue (Aug. 20, 2013 Order, ECF No. 75) by Defendants Inter City Tire and Auto Center, Inc., and Inter City Retread, Inc. (collectively "Inter City"). After thorough review, the court denies Inter City's motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant litigation arises out of a variety of commercial dealer agreements and Michelin Americas Small Tire ("MAST") retail agreements between Michelin North America, Inc. ("MNA") and Inter City Tire and Auto Center, Inc., and Michelin Retread Franchise Agreements between Michelin Retread Technologies, Inc. and Inter City Retread, Inc.[2]

---

[1]Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. A hearing is unnecessary because the issues presented have been adequately briefed by the parties.

[2]There are four operating agreements at issue in the instant litigation: (1) 2009 MNA Authorized Commercial Customer Agreement ("2009 CCA"); (2) 2010 MNA Authorized Commercial Customer Agreement ("2010 CCA"); (3) 2013 MAST Retail Agreement ("2013 MAST Agreement"; and (4) 2005 Michelin Retread Franchise Agreement ("2005 RFA").

The factual allegations of the case have been thoroughly outlined in two previous orders, and the court incorporates the factual history by reference herein. See (Aug. 20, 2013 Order, ECF No. 75); (June 24, 2013 Order, ECF No. 53). On May 25, 2013, Inter City moved to transfer venue for this case to the United States District Court for the District of New Jersey pursuant to exceptions to the first-filed rule or, alternatively, pursuant to 28 U.S.C. § 1404(a). (Defs. Mot. Transfer Venue 1, ECF No. 40.) On August 20, 2013, the court denied the motion to transfer venue pursuant to exceptions to the first-filed rule and denied the motion pursuant to 28 U.S.C. § 1404(a). (Aug. 20, 2013 Order, ECF No. 75.) On September 18, 2013, Inter City filed a notice of appeal of the August 20 Order denying the motion to transfer venue, asserting that the Fourth Circuit Court of Appeals had pendent or ancillary jurisdiction over the order in conjunction with the Fourth Circuit's review of the June 24, 2013 Order denying Inter City's motion for a preliminary injunction. (Not. of App., generally, ECF No. 82.) On September 19, 2013, Inter City filed a motion for certification of an interlocutory appeal of the court's August 20 Order denying Inter City's motion for transfer of venue pursuant to exceptions to the first-filed rule. (Pls. Mot. Cert. Interloc. App., ECF No. 85.) Michelin filed its response on October 7, 2013. (Defs. Opp'n Mot. Cert. Interloc. App., ECF No. 97.) Inter City filed its reply on October 25, 2013. (Pls. Reply Supp. Mot. Interloc. App., ECF No. 104.) This matter is now ripe for review.[3]

---

(First Am. Compl. Ex. 1 (2009 CCA), ECF No. 6-1); (First Am. Compl. Ex. 2 (2010 CCA), ECF No. 6-2); (First Am. Compl. Ex. 3 (2013 MAST Agreement), ECF No. 6-3); (First Am. Compl. Ex. 4 (2005 RFA), ECF No. 6-4.)

[3]Although Inter City requests that the court refrain from deciding the present motion until the Fourth Circuit Court of Appeals determines whether it has pendent or ancillary jurisdiction over the issue, the court declines. The issues are fully briefed before the court and

## II. DISCUSSION OF THE LAW

Inter City moves for certification of the court's August 20 Order denying a motion to transfer venue under 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under the statute, certification by a district court is appropriate if the district court's order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) immediate appeal may materially advance the ultimate termination of the litigation. See Kennedy v. St. Joseph's Ministries, Inc., 657 F.3d 189, 195 (4th Cir. 2011). "All three elements must be satisfied for certification." Anselmo v. West Paces Hotel Grp., LLC, C/A No. 9:09-2466-MBS, 2011 WL 1049195, at *21 (D.S.C. Mar. 18, 2011) (citations omitted). Whether "to certify an interlocutory appeal is firmly in the district court's discretion." Randolph v. ADT Sec. Servs., Inc., Civ. Action No. DKC 09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012) (unpublished)(citing Riley v. Dow Corning Corp., 876 F. Supp. 728, 731 (M.D.N.C. 1992)). However, "it is axiomatic that the district court should grant this 'extraordinary remedy' only in 'exceptional circumstances' where early appellate review would avoid a 'protracted and expensive litigation' process." Id. (citing Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989) (unpublished)). As a result,

---

ripe for review, and waiting would cause only unnecessary delay and further prolong the present litigation.

"§ 1292(b) should be used sparingly and . . . its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989).

### A. The Availability of Interlocutory Review Under 28 U.S.C. § 1292(b)

As a threshold matter, Michelin argues that "[t]he majority rule is that 'interlocutory appeals from rulings on motions to transfer venue should not be certified' for appeal under § 1292(b)." (Pls. Mem. Opp'n Cert. Interloc. App. 6, ECF No. 97) (citations omitted). In its memorandum, "Inter City acknowledges the existence of case law holding that orders granting or denying a motion to transfer venue under 29 U.S.C. § 1404(a) are ordinarily interlocutory and not immediately appealable." However, Inter City submits that "where, as here, the transfer order is alleged to have constituted an error of law, appellate courts have engaged in interlocutory review." (Defs. Mem. Supp. Cert. Interloc. App. 18, ECF No 84-1.) The cases that Inter City cites in support of its position either deal with the availability of mandamus to review a § 1404(a) transfer decision or have been overruled by the Supreme Court. Inter City is not attempting to appeal the court's order denying transfer under § 1404(a) but rather the court's holding that transfer was not warranted under exceptions to the first-filed rule. (Defs. Mem. Supp. Mot. Cert. Interloc. App. 3, ECF No. 84.) Neither party cites to, nor is the court aware of, any cases where certification of an interlocutory appeal from an order denying transfer under exceptions to the first-filed rule is appropriate. However, the court need not decide whether certification is available generally for such an order because, as explained below, Inter City has not established the criteria warranting certification for an interlocutory appeal under § 1292(b).

## B. Controlling Questions of Law

Inter City argues that the court's August 20 Order presents three controlling questions of law that render interlocutory appeal appropriate. (Defs. Mem. Supp. Mot. Cert. Interloc. App. 15-24, ECF No. 84-1.) Michelin argues that Inter City does not present controlling questions of law. (Pls. Mem. Opp'n Mot. Cert. Interloc. App. 15-19, ECF No. 97.) The court agrees.[4]

A controlling question of law is "'a narrow question of *pure* law whose resolution would be *completely dispositive* of the litigation, either as a legal or practical matter . . . .'" Anselmo, 2011 WL 1049195 at *21 (citing Fannin, 1989 WL 42583 at *5). Additionally, "[e]ven where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review." Randolph, 2012 WL 273722 at *5 (citing Fannin, 1989 WL 42583 at *5). As a result, § 1292(b) is not "appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." City of Charleston, S.C. v. Hotels.com, LP, 586 F. Supp. 2d 538, 548 (D.S.C. 2008) (quoting Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)).

Inter City argues that the August 20 Order "embraces a finding that the type of consent to jurisdiction clauses contained in the Dealer Agreements precludes application of the special circumstances exception to the first-filed rule as a matter of law." (Defs. Mem. Supp. Cert. Interloc. App. 15, ECF No. 84-1.) Michelin argues that such a reading of the court's August 20

---

[4]Inter City and Michelin disagree as to what constitutes a "controlling" question of law. See (Pls. Mem. Opp'n Mot. Cert. Interloc. App 15, ECF No. 97); (Defs. Mem. Supp. Mot. Cert. Interloc. App. 24, ECF No. 84-1.) Because the court finds that the motion does not raise questions of law, the court need not decide what constitutes a "controlling" question of law.

Order misinterprets the court's reasoning. (Pls. Mem. Opp'n Mot. Cert. Interloc. App. 12, ECF No. 97.) The court agrees. The August 20 Order did not find that the forum-selection clause precluded application of the special circumstances exception to the first-filed rule as a matter of law. Rather, the court explained that "[s]ome evidence that a first-filed case was filed for the purpose of forum shopping or in bad faith is necessary before courts find it was improperly anticipatory, and therefor[e] warrant[s] a departure from the first-filed rule." (Aug. 20, 2013 Order 13, ECF No. 75 (quoting Milliken & Co. v. Grupo Antolin Michigan, Inc., C.A. No. 7:10-2109-HMH, 2010 WL 3938389, at *4 (D.S.C. Oct. 5, 2010) (unpublished)).) The court found that "the fact that Plaintiffs filed a lawsuit in this court 'is not evidence of bad faith or an improper "race to the court"' in light of the forum-selection clauses . . . ." (Id. (quoting Milliken, 2010 WL 3938389 at **3-4).) Thus, the forum-selection clause was only one consideration in determining whether Michelin filed the instant action in bad faith and not a determination that the forum-selection clause itself precluded application of the special circumstances exception. Further, the court was applying the facts of the case to the law, which is inappropriate for certifying a question for interlocutory review. See Hotels.com, 586 F. Supp. 2d at 548.

  Inter City also argues that "[a]nother issue of law exists over whether the special circumstances exception to the First-Filed Rule may be nullified on the grounds that the parties had a 'reasonable apprehension that a lawsuit is imminent' where, prior to litigation, only the second filing party threatened to sue." (Defs. Mem. Supp. Cert. Interloc. App. 19, ECF No. 84-1.) Michelin argues that Inter City misinterprets the court's holding. (Pls. Mem. Opp'n Mot. Cert. Interloc. App. 12, ECF No. 97.) The court agrees. In the August 20 Order, the court found

that "[b]oth parties had reasonable apprehension that a lawsuit was imminent . . . ." (August 20, 2013 Order 13, ECF No. 75.)  This finding supported the court's conclusion that Michelin did not act in bad faith in filing the instant litigation.  (Id.)  Thus, the court did not hold that "the special circumstances exception to the First-Filed Rule may be nullified on the grounds that the parties had a 'reasonable apprehension that a lawsuit is imminent' where, prior to litigation, only the second filing party threatened to sue."  Rather, Inter City simply disagrees with the court's finding and disputes the weight of the evidence that was before the court.  Further, Inter City's argument shows that the court's decision not to apply the special circumstances exception to the first-filed rule "is rooted in the facts of [this] particular case."  Randolph, 2012 WL 273722 at *5 (citing Fannin, 1989 WL 42583 at *5).  As a result, Inter City does not raise a question of law warranting certification under § 1292(b).

     Finally, Inter City argues that "[a] final question of law is presented as to whether the [c]ourt was required to apply a presumption that, given Michelin's declaratory judgment claim seeking an adjudication of non-liability for certain causes of action brought by Inter City in the New Jersey Case, the first-filed status of this case should also be disregarded."  (Pls. Mem. Supp. Cert. Interloc. App. 21-22, ECF No. 84-1.)  Michelin argues that this issue has been waived because Inter City did not properly place the issue before the court.  (Defs. Mem. Opp'n Cert. Interloc. App. 13, ECF No. 97.)  Inter City's memorandum in support of its motion to transfer venue does not contain an argument for the application of a presumption, and Inter City's reply brief only discusses a presumption in a case parenthetical.  (Defs. Mem. Supp. Mot. Transfer 13-14, ECF No. 40-1); (Defs. Reply Supp. Mot. Transfer 10-11, ECF No. 58.) "Arguments raised for the first time in a reply brief are normally deemed waived."  Brown v.

City of Charleston, No. 2:11-cv-00466-DCN, 2013 WL 4499138, at *5 n.3 (D.S.C. Aug. 20, 2013) (citing Moseley v. Branker, 550 F.3d 312, 325 n.7 (4th Cir. 2008)).  As a result, this issue was not before the court and does not raise a question of law.

     In its reply, Inter City argues that although it never used the term "presumption" in its brief, the issue was before the court because it was cited in its reply brief on the motion to transfer venue in support of its argument that Michelin's declaratory judgment claim was a misuse of the Declaratory Judgment Act.  (Defs. Reply Supp. Mot. Interloc. App. 9, ECF No. 104.)  To the extent that Inter City is arguing for interlocutory review of this issue, it does not present a pure question of law.  The court considered the fact that Michelin had filed a declaratory judgment action when deciding the motion to transfer venue.  Inter City cited Family Dollar Stores, Inc. v. Overseas Direct Import Co., Civil Action No. 3:10-cv-278, 2011 WL 148264 (W.D.N.C. Jan. 18, 2011), in part in support of its argument that Michelin's declaratory judgment claim was a misuse of the Declaratory Judgment Act.  (Defs. Reply Supp. Mot. Transfer 10-11, ECF No. 58).  The court distinguished Family Dollar and noted that the same concerns regarding declaratory judgment actions did not arise in the instant action because of the forum selection clause.  (Aug. 20, 2013 Order 14 n.7, ECF No. 75.)  Thus, the court was applying the facts of the case to the law, and such disagreement about the application of the facts to the law does not constitute a narrow question of pure law for interlocutory review under § 1292(b).

### B. Substantial Ground For Difference of Opinion

     Inter City argues that the paucity of decisions that "squarely deal with the precise issues before this [c]ourt" provides substantial ground for difference of opinion.  (Defs. Mem. Supp.

Cert. Interloc. App. 26-27, ECF No. 84-1.) Michelin asserts that a lack of precedent is not sufficient to demonstrate a substantial ground for difference of opinion. (Pls. Mem. Opp'n Cert. Interloc. App. 20, ECF No. 97.) The court agrees. Although the court finds that the certification for interlocutory appeal does not contain controlling questions of law, even if the order raised those questions, it would not provide substantial ground for difference of opinion. Certification under § 1292 "is not intended . . . to provide early review of difficult rulings in hard cases." Hotels.com, 586 F. Supp. 2d at 548 (quoting Regan, 552 F. Supp. at 366). Moreover, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Lynn v. Monarch Recovery Mgmt., Inc., Civil No. WDQ-11-2824, 2013 WL 3071334, at *6 (D. Md. Jun. 17, 2013) (quoting In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).

### C. Material Advancement of the Ultimate Termination of the Litigation

Inter City argues that an appeal will materially advance the ultimate termination of the litigation because "[s]hould the appellate court agree with Inter City, the significant burden, expense and delay of having to try this case a second time, in a different forum and with different governing substantive law, will be avoided." (Defs. Mem. Supp. Cert. Interloc. App. 27, ECF No. 84-1.) The court disagrees. The potential for avoiding court costs in the event of later appellate reversal is true of nearly every district court order, and the "mere fact" that an interlocutory appeal "at this time *may* save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." Fannin, 1989 WL 42583 at *5 (citing Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)). As a result, an interlocutory appeal will not materially advance the ultimate termination of the litigation.

9

It is therefore

**ORDERED** that Inter City's motion for certification of an interlocutory appeal, docket number 84, is denied.

**IT IS SO ORDERED.**

                                                          s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
November 6, 2013