IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelin North America, Inc., and | ) | |
| Michelin Retread Technologies, Inc., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | C.A. No. 6:13-1067-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Inter City Tire and Auto Center, Inc., and | ) | |
| Inter City Retread, Inc., | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Service Tire Truck Centers, Inc., | ) | |
| Tire Centers, LLC, James Cavanaugh, | ) | |
| William McCabe, William Schafer, | ) | |
| Andrew Meurer, and Marc Pasquet, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

This matter is before the court on Plaintiffs' Michelin North America, Inc. and Michelin Retread Technologies, Inc. (collectively "Michelin"), motion for an order to conduct mediation. After review, the court grants in part Michelin's motion.[1]

Filings by Inter City and Michelin reflect a desire for an early mediation. The filings further reflect that the parties are unable to agree to the details of a mediation.

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. A hearing is unnecessary because the issues presented have been adequately briefed by the parties.

1

It is therefore

**ORDERED** that mediation take place in Greenville, South Carolina no later than thirty days from the date of this order. The parties are directed to agree to a mediator from the District of South Carolina within one week of the date of this order. If the parties cannot agree to a mediator, the court will appoint a mediator.

Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[2] are ordered to be present in person, and will only be excused for good cause shown. Every person who is excused from attending in person must be available to participate by telephone unless otherwise ordered. Lack of discovery or settlement authority is no excuse for failure to appear and participate. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement. If a settlement is not reached, settlement discussions will be inadmissible in court.

If any reason exists why you and your client should not participate in this scheduled conference, you must advise the court in writing no later than ten days from the date of this order.

---

[2] "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

Notices have been sent to all counsel of record.  Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.  It is further

**ORDERED** that Michelin's motion for an order to conduct mediation, docket number 122, is granted in part and denied in part.

**IT IS SO ORDERED**.

                                                       s/Henry M. Herlong, Jr.
                                                       Senior United States District Judge

Greenville, South Carolina
January 6, 2014